```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID TROY, Individually and as the
Administrator of the ESTATE OF MICHAEL
TROY and PATRICK TROY,

                          Plaintiffs,              REPORT AND
                                                   RECOMMENDATION
              -against-
                                                   04 Civ. 3543 (SCR) (GAY)
WESTCHESTER MODULAR HOMES, INC.
et al.,

                          Defendants.
------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Plaintiffs commenced the instant diversity action seeking damages for the alleged wrongful death of Michael Troy, who was fatally injured at a modular home construction site in Danbury, Connecticut.  Presently before this Court is defendant Evaco Enterprises, Inc.'s ("Evaco") motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]  For the reasons that follow, I respectfully recommend that defendant Evaco's motion should be denied.

**I. BACKGROUND**

Plaintiffs David Troy and Patrick Troy are citizens of the State of Connecticut.  At the time of the incident, decedent Michael Troy was also a citizen of the State of Connecticut.  At all relevant times, Evaco was incorporated in the State of Georgia.

At the time of the incident, Michael Troy was employed by Westchester Modular

---

[1] The instant motion was filed by counsel for Evaco; Evaco is presently unrepresented by counsel.  See Order of the undersigned dated October 10, 2006.

Homes Construction Corporation and was present at a construction site in Danbury known at Lot 10. According to plaintiffs' complaint, on November 26, 2002, on the property known as Lot 10, two over-the-road trailers were hoisted by a crane using nylon slings. Plaintiffs allege that the nylon slings failed and one or both of the trailers fell and struck Michael Troy. Plaintiffs also allege that Evaco manufactured and sold one of the subject trailers to defendant Congelosi Trailer Sales North, Inc. ("Congelosi Trailer"), located in Montgomery, New York. Plaintiffs contend that the Evaco trailer was defectively designed and manufactured and that such defect or defects caused or contributed to the accident.

## II. DISCUSSION

When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing *in personam* jurisdiction. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). "Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Distefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation and citation omitted). In federal court, personal jurisdiction over a non-resident defendant is determined according to the law of the jurisdiction in which the court sits. See Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). If the state's long-arm statute authorizes personal jurisdiction over the defendant, the court must then determine whether exercise of such jurisdiction would comport with the requirements of due process under the federal

Constitution.  See id.

    A.  New York's Long-Arm Statute

Plaintiffs contend that this Court may exercise jurisdiction over Evaco pursuant to Section 302(a)(1) of the New York Civil Practice Law and Rules, which states that "a court may exercise personal jurisdiction over any non domiciliary . . . who in person or through an agent . . . contracts anywhere to supply goods or services within the state." Section 302(a)(1) "is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even if the defendant never enters the state, so long as the defendant's activities in New York were purposeful and there is a substantial relationship between the transaction and the claim asserted." Wickers Sportswear, Inc. v. Gentry Mills, Inc., 411 F. Supp.2d 202, 207 (E.D.N.Y. 2006). Specifically as to the "contracts anywhere" provision, "even if a defendant never enters the state to negotiate one of these contracts, to complete performance or for any other reason, the second prong of § 302(a)(1) can provide long-arm jurisdiction over a defendant who has minimal contacts with the state and who has entered a contract anywhere to supply goods and services in the state." See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 789 (2d Cir. 1999). In deciding whether personal jurisdiction exists under the "contracts anywhere" prong of section 302(a)(1), "courts may consider: (1) whether the purchase order and other documents provide for shipment to New York; (2) whether the defendant collected New York sales tax in connection with the transaction; (3) whether the defendant solicited the contract in New York; (4) whether the defendant entered New York for purposes of performing the contract; and (5) any other factor showing that defendant voluntarily and purposefully availed itself of the

3

privilege of transacting business in New York." See Wickers Sportswear Inc., 411 F. Supp.2d at 210.

In the instant case, it is evident from an examination of the Shipping Memorandum that three trailers (one of which was allegedly involved in the incident) and thirty-nine tires were shipped from defendant Evaco's place of business in Georgia to Congelosi Trailer in Montgomery New York. See Notice of Motion, Exh. A. The Shipping Memorandum is consistent with the affidavit of Luke Evans, president and sole shareholder of Evaco, who asserts that, although he does not recall the particular sale in question, "most" of Evaco's business with Congelosi Trailer was conducted by phone whereby Paul Congelosi would "typically" call Evaco to discuss the details, including "who, as between the two companies, would arrange for a common carrier to pick up the purchased trailer(s) from my yard and ship them up to New York." See Notice of Motion, at ¶ 11. In sum, based upon the pleadings and affidavits, I conclude, and respectfully recommend, that plaintiffs have made a prima facie showing that Evaco is subject to personal jurisdiction under section 302(a)(1).

B. Due Process

It is well established that a court's exercise of jurisdiction over a non-domiciliary defendant violates due process unless the defendant has purposefully established "minimum contacts" with the forum State. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 474 (1985). Further, defendant's "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd., v. Superior Court of California, 480 U.S. 102, 109 (1987)

(quoting Burger King, 471 U.S. at 475).  Here, as discussed above, Evaco purposefully availed itself of the privilege of conducting activities in New York by shipping its products directly into the state.  Thus, Evaco has the requisite minimum contacts with New York to satisfy the due process requirement.

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).  In other words, in order to determine whether the exercise of jurisdiction is reasonable, a court must consider several factors: (1) the burden on the defendant; (2) the interests of the forum State; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.  See Asahi, 480 U.S. at 113.  Where, as here, it has already been determined that the defendant has minimum contacts with the forum state, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  See Burger King, 471 U.S. at 477.

Here, upon consideration of the reasonableness factors, the Court finds no compelling reason why the exercise of personal jurisdiction over Evaco would be unreasonable.  While there may be difficulties associated with requiring Evaco to defend suit in New York, Evaco presents no evidence that to do so would impose a substantial burden.  New York's interest in adjudicating the dispute is somewhat attenuated, given

that plaintiffs are Connecticut residents and the incident occurred in Connecticut. Nonetheless, New York certainly has an interest in adjudicating disputes arising from allegedly defective products which were shipped into the state.  Plaintiff's interest in obtaining convenient and effective relief, and considerations of judicial efficiency, weigh slightly in favor of New York as it appears that a majority of witnesses are located here. Finally, because neither party has "suggested or shown that any substantive social policies would be furthered or undermined by permitting the case against [Evaco] to go forward in New York," this factor "does not weigh in either party's favor."  See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 245 (2d Cir. 1999).  Accordingly, I conclude, and respectfully recommend, that the exercise of personal jurisdiction over Evaco comports with the requirements of due process.

### III.  CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that this Court may properly exercise personal jurisdiction over defendant Evaco and, therefore, that Evaco's motion to dismiss must be denied.

### IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(e).  Such

served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: November 20, 2006
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.