UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID TROY, Individually and as the Administrator of the Estate of MICHAEL TROY, Deceased, and PATRICK TROY,

Plaintiffs,

v.

WESTCHESTER MODULAR HOMES, INC., WESTCHESTER MODULAR HOMES ERECTORS, INC., WESTCHESTER MODULAR HOMES CONSTRUCTION CORP., WILLIAM S. MURPHY, IAN WALKER, JD HANDLING SYSTEMS, INC., EVACO ENTERPRISES, INC., PAUL CONGELOSI TRAILER SALES NORTH, INC. and DJ STEEL and CONSTRUCTION CORP.,

Defendants.

04 Civ. 3543 (SCR)(GAY)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

STEPHEN C. ROBINSON, District Judge:

This case was referred to Magistrate Judge George A. Yanthis for a Report and Recommendation. Defendant, Evaco Enterprises, Inc. ("Evaco"), moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] For the reasons set forth below, this Court affirms Magistrate Judge Yanthis's Report and Recommendation denying the motion to dismiss.

## I. BACKGROUND

According to the Amended Complaint in this matter, on November 26, 2002, Michael Troy, a Connecticut resident, was employed by Defendant Westchester Modular Homes Construction

---

[1] The motion to dismiss was prepared and filed by counsel for Evaco, but Evaco is presently unrepresented by counsel.

1

Corporation. That day, Mr. Troy was working at a modular home construction site in Connecticut when two flatbed trailers that were being hoisted by crane broke from their nylon sling harnesses, fell to the ground, and struck him. He died the next day.

Plaintiffs filed this wrongful death action in the Southern District of New York, asserting claims against Evaco for negligence, strict products liability, failure to warn, and breach of warranty. They claim Evaco designed, manufactured, and, in December 1993, sold one of the trailers that struck Mr. Troy to a New York retailer, Defendant Paul Congelosi Trailer Sales North, Inc., who then resold it to decedent's employer. Plaintiffs claim the trailer's defective design and manufacture caused or contributed to the accident.

Evaco filed a Rule 12(b)(2) motion to dismiss, arguing that New York lacked personal jurisdiction because, among other reasons, Evaco was incorporated in Georgia, its primary place of business was in Georgia, it had never been licensed to do business in New York, it never sought redress in a New York court, and it did not advertise in tri-state area trade magazines. See Evaco Notice of Motion at ¶ 9.

After reviewing the pleadings and affidavits, Magistrate Judge Yanthis denied the motion to dismiss, finding that Plaintiffs had made a prima facie showing of personal jurisdiction over Evaco. As described below, this Court adopts Magistrate Judge Yanthis's Report and Recommendation in full.

## II.  STANDARD OF REVIEW

In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

2

face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous").

Evaco did not object to Magistrate Judge Yanthis's Report and Recommendation. Therefore, this Court will review the Report and Recommendation for clear error.

## III. DISCUSSION

When responding to a Rule 12(b)(2) motion to dismiss, plaintiff has the burden of establishing personal jurisdiction. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). Where, as here, the court relies solely on the pleadings and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. See Distefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).

In federal court, personal jurisdiction over a non-resident defendant is determined according to the law of the jurisdiction in which the court sits. See Arrowsmith v. United Press Int'l, 320 F.2d 219, 222 (2d Cir. 1963). Where the state's long-arm statute authorizes personal jurisdiction, the court must then ensure that the exercise of jurisdiction would comport with the requirements of due process. See Id.

### A. New York's Long-Arm Statute

Section 302(a)(1) of New York's long-arm statute provides for personal jurisdiction over a non-resident defendant who "contracts anywhere to supply goods and services within the state" where the defendant's contact is: (1) purposeful; and (2) substantially related to plaintiff's claim. See George Reiner & Co. v. Schwartz, 41 N.Y.2d 648, 651-52 (N.Y. 1977). Section 302 is a "single act" statute. It is not concerned with the number or quantity of contacts, but rather only with

3

their nature or quality. See id. In fact, under Section 302, a single, purposeful contact with New York may be sufficient to invoke jurisdiction, regardless of whether or not the non-resident defendant ever physically entered the state. See Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (N.Y. 1988); accord Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65 (N.Y. 2006).

To determine whether personal jurisdiction exists under the "contracts anywhere" clause of Section 302, courts consider the following five factors: "(1) whether the purchase order and other documents provide for shipment to New York; (2) whether the defendant collected New York sales tax in connection with the transaction; (3) whether the defendant solicited the contract in New York; (4) whether the defendant entered New York for the purposes of performing the contract; and (5) any other factor showing that defendant voluntarily and purposefully availed itself of the privilege of transacting business in New York." See Wickers Sportswear, Inc., v. Gentry Mills, Inc., 411 F. Supp. 2d 202, 210 (E.D.N.Y. 2006).

Evaco's December 1993 shipment to Congelosi constituted purposeful contact with New York. The shipping label (signed by Evaco's President, Luke Evans) lists the delivery address for Congelosi as Montgomery, New York, see Evaco Notice of Motion at Exh. A. and the three trailers shipped to New York were custom designed according to Congelosi's specifications. Evans's own affidavit states that: "[t]ypically, [Paul Congelosi]… would call me and we would discuss what he needed in terms of such details as trailer size, maximum weight capacity, price, color." See Evaco Notice of Motion at ¶ 11. Further, the December 1993 shipment of three trailers and 39 tires was substantial, particularly considering that, according to Evans, the company was "still in its infancy." See Evaco Notice of Motion at ¶ 7.

Evans argues that Evaco is not subject to personal jurisdiction because it had no offices in New York, it was not authorized to do business in New York, Evans never traveled to New York on company business, and Evaco did not advertise in tri-state area trade magazines. These

4

considerations, however, are outweighed by the business dealings between Evaco and Congelosi described above.

Defendant's reliance on Paradise Products Corp. v. Allmark Equipment Co., 526 N.Y.S.2d 119 (N.Y. App. Div. 1988) and Carpino v. National Store Fixtures Inc., 712 N.Y.S.2d 684 (N.Y. App. Div. 2000) is mistaken. Those cases hold that, where there is no other indication of an intent to transact business in New York, the seller's mere awareness of destination is insufficient on its own to demonstrate purposeful contact. Here, there is plenty of evidence, in addition to the signed shipping receipt, demonstrating that Evaco targeted the New York market. Evans custom designed, manufactured, and sold three flatbed trailers and 39 tires to a New York retailer (who then, as expected, resold them to tri-state area businesses), and then worked directly with Congelosi to arrange shipping.

Evaco's December 1993 shipment to Congelosi was also substantially related to Plaintiffs' claim. According to the Amended Complaint, one of the trailers that struck and fatally wounded Michael Troy was part of that very shipment. Plaintiffs also claim that Evaco's negligent trailer design was a direct or contributory cause of the accident. Therefore, Plaintiffs' claim arises directly out of Evaco's purposeful contact with New York, satisfying the second prong of Section 302(a)(1).

Based on the foregoing, I conclude that there is no clear error in Magistrate Judge Yanthis's Report and Recommendation with respect to the application of New York's long-arm statute.

### B. Due Process

A court's exercise of personal jurisdiction over a non-resident defendant must also comport with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945). The defendant must have purposefully established minimum contacts with the forum state, and the exercise of personal jurisdiction must be reasonable. Burger King

Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). As this Court has already concluded that Evaco purposefully established minimum contacts, the only remaining question is whether jurisdiction is reasonable.

To determine whether the exercise of personal jurisdiction is reasonable, courts consider the following factors: (1) the burden on the defendant of defending suit in a foreign jurisdiction; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental, substantive social policies. Burger King, 471 U.S. at 477.

New York has a strong interest in adjudicating products liability suits arising out of the shipment of defective goods into the state. Regard for interstate judicial efficiency also favors suit in New York since most of the potential witnesses are located in this area. Finally, dismissing claims against Evaco, the company responsible for designing, manufacturing, and selling the allegedly defective trailer, would surely undermine Plaintiffs' compelling interest in convenient and effective relief. These considerations far outweigh Evaco's comparatively minor burden of having to hire a lawyer and, at some point in the future, possibly travel to New York.

Accordingly, this Court finds no clear error in Magistrate Judge Yanthis's Report and Recommendation with respect to due process.

## IV. CONCLUSION

Based on the foregoing, Magistrate Judge Yanthis's well-reasoned Report and Recommendation is affirmed. Evaco's motion to dismiss is DENIED.

The Clerk of the Court is hereby directed to terminate the motion listed as number 65 on the docket sheet for this case.

*It is so ordered.*

Dated: July 30, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge